IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TERESA J. HOCKEY**, individually and on behalf of all individuals similarly situated, | : : : | CASE NO.: |
| *Plaintiffs*, | : : | JUDGE: _____ |
| v. | : : | |
| **SEAFOOD SHAKE BOIL STRONGSVILLE, INC., JUN ZHANG**, and **HANGCHUN ZHENG**, | : : : : | **JURY DEMANDED** |
| *Defendants.* | : : | |

## COMPLAINT

I. **INTRODUCTION**

1. Teresa J. Hockey ("Named Plaintiff" or "Plaintiff Hockey") brings this action against Defendants Seafood Shake Boil Strongsville, Inc., owner Jun Zhang, and owner Hangchun Zheng (collectively "Defendants"). Defendants are a single enterprise that does business under the name of Seafood Shake Boil Strongsville, Inc.

2. Named Plaintiff brings these federal claims against Defendants, who were their employers, in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standard Act of 1939 ("FLSA"), as amended 29 U.S.C. § 201 et seq. Named Plaintiff seeks Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to inform other similarly situated employees of their rights under the FLSA.

3. Named Plaintiff brings these Ohio claims against Defendants, who were their employers, in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et.

1

seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, the Ohio Constitution, Art. II Section 34a ("Ohio Constitution") (the Ohio Wage Act, the OPPA and the Ohio Constitution will be collectively referred to herein as the "Ohio Wage Laws") and O.R.C. § 2307.60. Named Plaintiff brings her FLSA action on behalf of herself and all similarly situated employees who file their written consent to join this action pursuant to 29 U.S.C. § 216(b). Named Plaintiff brings her Ohio Acts and O.R.C. § 2307.60 claims individually and on behalf of similarly situated Ohio employees who join this lawsuit.

4. Named Plaintiff and those similarly situated are current and former employees of Defendants for whom Defendants required to participate in a tip pooling arrangement that takes their tips and pays them to non-customarily and regularly tipped employees and relied on the "tip credit" provisions of the FLSA and applicable Ohio Wage Laws to satisfy their statutory minimum wage obligations (hereafter, "Putative Plaintiffs"). These Putative Plaintiffs include servers.

5. Defendants violated the FLSA and the Ohio Wage Laws because they (1) required Named Plaintiff and Putative Plaintiffs to spend substantial amounts of time performing non-tip-producing and directly supporting work tasks before and after serving customers and throughout their shift while being paid less than the statutory minimum wages, and (2) required Named Plaintiff and Putative Plaintiffs to share tips with management, as well as back-of-house employees who have no or only *de minimis* interaction with customers while taking a tip credit.

6. Because the requirements for taking the tip credit were not satisfied, Defendants were not permitted to rely on it to satisfy their minimum wage and overtime obligations under the FLSA and Ohio Wage Laws and were required to pay the entire statutory minimum wage and overtime wage.

7. Under the FLSA and Ohio Wage Laws, Defendants may not retain tips other than to contribute them pursuant to a lawful tip pool of employees who customarily and regularly

2

receive tips. By retaining these tips earned by Named Plaintiff and Putative Plaintiffs to pay both management and back-of-house employees, Defendants are required to return the tips to the employees who earned them and pay liquidated damages.

8. In the alternative to the Ohio Wage Law claims that unlawfully retained tips must be returned to the Named Plaintiff and Putative Plaintiffs who earned them, Named Plaintiff alleges that Defendants have been unjustly enriched at the expense of Named Plaintiff and the Putative Plaintiffs by retaining these tips and using them to subsidize the labor costs for back-of-house employees. Named Plaintiff and the Putative Plaintiffs conferred this benefit, Defendants appreciated the benefit, and it would be inequitable for Defendants to retain the benefit without payment for its value. Accordingly, Defendants must repay the value of the tips unlawfully retained.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over Named Plaintiff's claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

10. This Court has jurisdiction over Named Plaintiff's supplemental Ohio state law claims pursuant to 28 U.S.C. § 1367.

11. Venue for this action properly lies in the Southern District of Ohio, pursuant to 28 U.S.C. § 1391, because Defendants reside in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III. PARTIES

### A. Plaintiffs

12. Plaintiff Teresa J. Hockey ("Named Plaintiff" or "Plaintiff Hockey") is an adult individual residing in Strongsville, Ohio at 11883 Pearl Rd. Strongsville, OH 44136. Plaintiff

Hockey is employed as a Server at Defendants' Strongsville location beginning in approximately March 2023 and remains employed with Defendants as of the filing of this Complaint. Her Notice of Consent to Join this Lawsuit is attached in **Exhibit A**.

13. Throughout their employment, Defendants paid Named Plaintiff hourly wages less than the statutory minimum wage and the minimum overtime wage and relied on customer tips to satisfy their minimum wage obligations to Named Plaintiff, pursuant to the tip-credit provisions of the FLSA and Ohio Wage Laws.

14. The Putative Plaintiffs are all non-exempt servers employed by Defendants at any time within three (3) years preceding the commencement of this action who were paid a tipped minimum wage and/or subject to Defendants' tip pooling policies. ("Putative Plaintiffs")

### B. Defendants

15. Defendant Seafood Shake Boil Strongsville, Inc. ("Seafood Shake") is a corporation for-profit and is registered to do business in the state of Ohio. Process may be served upon its Registered Agent, Jun Zhang at 16532 Royalton Road Strongsville, Ohio 44136.

16. Defendant Jun Zhang ("Mr. Zhang") is an adult individual who does business throughout the state of Ohio and is an owner of Seafood Shake Boil Strongsville, Inc. Process may be served at 16532 Royalton Road Strongsville, Ohio 44136.

17. Defendant Hangchun Zheng ("Mr. Zheng") is an adult individual who does business throughout the state of Ohio and is an owner of Seafood Shake Boil Strongsville, Inc. Process may be served at 16532 Royalton Road Strongsville, Ohio 44136.

18. Defendants Seafood Shake, Mr. Zhang, and Mr. Zheng will be collectively referred to as "Defendants."

19. Defendants share a common location, The Plaza at Southpark, at 16532 Royalton Road Strongsville, Ohio 44136.

20. Defendants hold themselves out as, act as, and in fact comprise a single enterprise.

21. Defendants centrally control employment policies and practices for all their employees.

22. Defendants regularly oversee business operations, address employment issues, and specifically implement pay and other employment practices and policies.

23. Defendants share a common purpose of operating a bar and restaurant.

24. Defendants' enterprise acts through each of the Defendants.

25. Furthermore, each of the Defendants act directly in the interest of itself and of the other entities comprising the enterprise as an employer in relation to Named Plaintiff and Putative Plaintiffs.

26. Thus, each Defendant is a "person" (within the meaning of the FLSA and the Ohio Wage Laws) "acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. §§ 203(a).

27. As a result, Defendants, both individually and collectively, employ the Named Plaintiff and Putative Plaintiffs within the meaning of the FLSA and Ohio Wage Laws.

IV. **FACTUAL ALLEGATIONS**

28. At all times material to this Complaint, Defendants were joint employers within the meaning of the FLSA, Ohio Wage Laws, and O.R.C. § 2307.60.

29. During all times material to this Complaint, Defendants jointly employed Named Plaintiff and the Putative Plaintiffs within the meaning of the FLSA, Ohio Wage Laws, and O.R.C. § 2307.60.

30. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs were Defendants' employees pursuant to the FLSA, Ohio Wage Laws, and O.R.C. § 2307.60.

31. During all times material to this Complaint, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

32. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs were non-exempt employees as that term is defined by the FLSA and the Ohio Wage Laws.

33. During all times material to this Complaint, Defendants jointly employ Servers such as Named Plaintiff and the Putative Plaintiffs to provide services to their restaurant patrons at a single restaurant location in Strongsville.

### A. Defendants' Improper Utilization of a Tip Credit

34. During all times material to this Complaint, Defendants pay Named Plaintiff and the Putative Plaintiffs at an hourly rate below federal and Ohio minimum wage. By paying Named Plaintiff and the Putative Plaintiffs less than the minimum wage per hour, Defendants are taking advantage of a tip credit which allows Defendants to count a portion of the amounts Named Plaintiff and the Putative Plaintiffs receive as tips towards Defendants' obligation to pay tipped employees a minimum wage.

35. Prior to relying on the tip credit, employers are required to inform employees of certain information.

36. During all times material to this Complaint, Defendants did not inform Named Plaintiff and Putative Plaintiffs of the required information prior to relying on the tip credit.

37. During all times material to this Complaint, Defendants required Named Plaintiff and Putative Plaintiffs to spend substantial amounts of time performing non-tip-producing and directly supporting work while being paid an hourly wage below the applicable federal and state minimum wage rates, including:

   a. At the beginning of their scheduled shifts, prior to serving customers (e.g., non-tip-producing and directly supporting work, such as, cut lemons, checking and restocking straws, takeout boxes, and kids cups, filling ice buckets and sauces). *See* **Exhibit B.**[1]

   b. At the end of their scheduled shifts, after serving customers (e.g., non-tip-producing and directly supporting work, such as, sweeping; washing all chairs and benches; filling and washing the napkin dispensers; re-filling buckets with bibs, gloves, and wet naps; stocking silverware and dishes at the servers station; putting away condiments; cleaning the restrooms by sweeping, mopping, refilling toilet paper, checking paper towels, wiping down sinks, cleaning the toilets, and taking out the garbage). *See* **Exhibit C.**[2]

   c. Throughout their scheduled shifts, during time periods when some customers were present in the restaurants (e.g., non-tip-producing and directly supporting work, such as, cleaning the areas we are serving, sweeping the floors, adding napkins, gloves, and bibs to each table).

38. This non-tip-producing and directly supporting Named Plaintiff and Putative Plaintiffs performed exceeded 20% of each shift while paid at the lower tipped hourly rate. As a result, this non-tip-producing and directly supporting work exceeded 20% of each workweek.

39. Indeed, during all times material to this Complaint, Defendants' handbook states that Named Plaintiffs and the Putative Plaintiffs are required to arrive to work fifteen (15) to twenty (20) minutes prior to the start of their shift, however, according to Defendants' handbook, they are unable to clock-in until only five (5) minutes before the start of their scheduled shift. *See* **Exhibit D.**

---

[1] **Exhibit B** is a photograph taken by Ms. Hockey of the opening duties list that is posted on the wall beside the doors to go in and out of the Kitchen at Seafood Shake's Strongsville location.
[2] **Exhibit C** is a photograph taken by Ms. Hockey of the closing duties list that is posted on the wall beside the doors to go in and out of the Kitchen at Seafood Shake's Strongsville location.

40. Further, on approximately August 7, 2023, Named Plaintiff and Putative Plaintiffs received a text message in their group chat from their supervisor and Defendant Mr. Zheng's wife, Jenny (last name unknown), reiterating that "all employees are required to show up 15 minutes before your shift from now on." *See* **Exhibit E.**

41. During all times material to this Complaint, while Named Plaintiff and Putative Plaintiffs were required to arrive early and perform non-tip producing side work, Defendants continued to pay them less than the federal and Ohio minimum wage.

**B. Defendants' Illegal Tip Pool**

42. During all times material to this Complaint, Defendants have a policy and practice of requiring Named Plaintiff and the Putative Plaintiffs to contribute a portion of the tips they receive from customers to a tip pool that is distributed to other employees.

43. During all times material to this Complaint, and upon information and belief, Named Plaintiff and the Putative Plaintiffs are required to give eight percent (8%) of tips derived from alcohol sales to the manager, eight percent (8%) of all boba sales to the kitchen staff, and an automatic two percent (2%) of all tips are required to go "to the house."

44. During all times material to this Complaint, and upon information and belief, Defendants illegally required Named Plaintiff and the Putative Plaintiffs to pay a portion out of their paystubs to make up the difference when customers failed to properly pay the full amount of their bill.

45. For example, upon information and belief, in approximately November 2024, Plaintiff Hockey served a customer who had a $360.00 bill. The customer only paid $240.00, and in response, Defendants comped $100 off of the bill and then required Plaintiff Hockey to cover the $20.00 shortfall by deducting it from her paystub.

8

46. Upon information and belief, when Plaintiff Hockey raised concerns about having to cover the cost, Defendants issued her a partial refund. However, the tip pool that Plaintiff Hockey was required to contribute at the end of her shift was based on a $360.00 bill, rather than the $240.00 actually paid. As a result, Plaintiff Hockey was forced to contribute a higher tip amount to the management, kitchen staff, and "the house." *See* **Exhibit F.**

47. During all times material to this Complaint, and upon information and belief, the individuals who receive a portion of the tip pool include supervisors ad members of management, including Defendants, in that said supervisors and members of management hold jobs in which (i) their primary duty is to manage Defendants' enterprises or a customarily recognized department of subdivision of the enterprises, and (ii) they customarily and regularly direct the work of at least two (2) or more other full-time employees, and (iii) they have the authority to hire or fire other employees, or at a minimum, their suggestions and recommendations as to the hiring or firing of other employees are given a particular weight.

48. During all times material to this Complaint, and upon information and belief, remitting tips to other employees, including management, non-customarily and regularly tipped employees is not voluntary; rather, it is a condition of employment and, therefore, mandatory.

49. During all times material to this Complaint, and upon information and belief, Defendants jointly receive the benefit of these tips at the expense of Named Plaintiff and Putative Plaintiffs who earn tips.

50. During all times material to this Complaint, and upon information and belief, Defendants willfully carried out their illegal scheme. This is evidenced by Defendants previous lawsuit; *Garritano v. Seafood Shake Boil Strongsville, Inc.*, Case No. 1:24-cv-00150 (N.D. Ohio July 9, 2024). Since the dismissal of *Garritano* on August 20, 2024, Defendants have continued their

illegal practice and policy and thus should not be permitted to use the Tip Credit for any hours Named Plaintiff and the Tip Credit Employees worked in violation of the law.

51. The unpaid wages to which Named Plaintiff and the Putative Plaintiffs are entitled to have remained unpaid for more than thirty days beyond the regularly scheduled payday.

### V. COURT SUPERVISED NOTICE PURSUANT TO 29 USC §216(b) ALLEGING FLSA VIOLATIONS

52. Named Plaintiff re-alleges, and incorporates by reference, the allegation set forth in the preceding paragraphs.

53. Named Plaintiff requests that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

> **All current and former tipped employees employed by Defendants as a Server at any time within three (3) years preceding the commencement of this action who were paid a tipped minimum wage and/or subject to Defendants' tip pooling policies. ("Employees Entitled to Notice")**

54. Named Plaintiff reserves the right to amend and refine the definition of the Employees Entitled to Notice they seek to have the Court serve notice based upon further investigation and discovery.

55. The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

56. Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiff.

57. Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies

and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants satisfied the FLSA's requirements for paying them for all hours worked.

58. Named Plaintiff and the Employees Entitled to Notice, having willfully been not paid their entitled compensation for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

59. The Named Plaintiff and the Employees Entitled to Notice have been similarly affected by the violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned FLSA compliant wages.

60. Named Plaintiff seeks to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

61. Named Plaintiff is similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

62. Named Plaintiff intends to send notice to all the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the FLSA.

63. Named Plaintiff and the Employees Entitled to Notice have been damaged by Defendants' willful refusal to pay minimum wage for all hours worked.

64. As a result of Defendants' FLSA violations, Named Plaintiff and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA

65. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

66. Named Plaintiff asserts this claim on behalf of herself and the Employees Entitled to Notice who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

67. Named Plaintiff and the Employees Entitled to Notice are employees entitled to the FLSA's protections.

68. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C. § 206(a).

69. The federal minimum overtime hourly wage is $10.88 per hour (i.e., one and one-half times $7.25 per hour). 29 U.S.C §§ 206(a), 207.

70. While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

71. Defendants failed to satisfy the requirements necessary to rely on the tip credit to satisfy their minimum wage and overtime obligations (as set forth above) by: (1) failing to inform Named Plaintiff and Employee Entitled to Notice of the information required by the statute; and (2) requiring Named Plaintiff and Employee Entitled to Notice to spend substantial amounts of

time performing non-tip-producing and directly supporting work while being paid an hourly wage below $7.25 per hour (and below $10.88 per hour for hours over 40 in a workweek).

72. As a result, Defendants forfeited their right to utilize the tip credit in satisfying their federal minimum wage and overtime obligations.

73. As such, Defendants have violated the FLSA by failing to pay Named Plaintiff and the Employee Entitled to Notice for all time worked at $7.25 per hour (and $10.88 per hour for hours over 40 in a workweek).

74. Named Plaintiff and the Employee Entitled to Notice are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

75. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
## UNLAWFUL RETENTION OF TIPS UNDER THE FLSA

76. All previous paragraphs are incorporated as though fully set forth herein.

77. Named Plaintiff asserts this claim on behalf of himself and all Employees Entitled to Notice who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

78. Plaintiff and all Employees Entitled to Notice are employees entitled to the FLSA's protections.

79. Defendants are employers covered by the FLSA.

80. Under the FLSA, "an employer may not keep tips received by its employees for any purposes." 29 U.S.C. §§ 203(m)(2)(B). This is true "regardless of whether or not the employer takes a tip credit." Id.

81. U.S. Department of Labor regulations concerning tip-sharing arrangements (or "tip pooling") provide that an "employer may require an employee for whom the employer takes a tip credit to contribute tips to a tip pool only if it is limited to employees who customarily and regularly receive tips" and that the "employer may not retain any of the employees' tips for any other purpose." See 29 C.F.R. § 531.54(c).

82. Defendants unlawfully retained a portion of the tips earned by Named Plaintiff and all Employees Entitled to Notice and shared those tips with management and back-of-house employees who do not customarily and regularly receive tips and who have no or insufficient customer interaction.

83. Put differently, Defendants took these tips and used them to pay their management and back-of-house employees money in addition to their hourly wage.

84. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions

## COUNT III
## VIOLATION OF THE OHIO CONSTITUTION, ARTICLE II, SECTION 34a

85. Named Plaintiff re-alleges and incorporate by reference the foregoing allegations as if fully rewritten herein.

86. Named Plaintiff brings her Ohio Constitution, Ohio Wage Act and OPPA claims on behalf of herself, and the Ohio Employees Entitled to Notice who join this lawsuit.

87. Named Plaintiff and the Ohio Employees Entitled to Notice who join this lawsuit are employees within the meaning of O.R.C. §§ 4111.14(B) and Oh. Const. Art. II, § 34a protected by the mandates of the Ohio Constitution.

88. Defendants are joint employers within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a and therefore required to comply with the mandates of the Ohio Constitution.

89. Article II, Section 34a of the Ohio Constitution and O.R.C. § 4111.02 entitle employees to a minimum hourly wage that increases each year (2025--$10.70 per hour, 2024—$10.45 per hour; 2023 — $10.10 per hour; 2022 — $9.30 per hour; 2021 — $8.80 per hour).

90. The Ohio minimum overtime hourly wage is one and one-half times the corresponding yearly minimum wage.

91. Article II, Section 34a of the Ohio Constitution permits employers to utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees.

92. 112. While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, like Named Plaintiff and the Ohio Employees Entitled to Notice, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m), (t).

93. Employers may not take a tip credit for work performed by a tipped employee that directly supports tip-producing work when it is done for a substantial amount of time. *See* 29 C.F.R. § 531.56.

94. Defendants failed to satisfy the requirements necessary to rely on the tip credit to satisfy their minimum wage and overtime obligations (as set forth above) by: (1) failing to inform Named Plaintiff and the Ohio Employees Entitled to Notice of the information required by the statute; and (2) requiring Named Plaintiff and the Ohio Employees Entitled to Notice to spend substantial amounts of time performing non-tip-producing and directly supporting work while being paid an hourly wage below the appropriate Ohio minimum wage per hour (and below minimum overtime wage per hour for hours over 40 in a workweek).

95. As a result, Defendants forfeited their right to utilize the Ohio tip credit in satisfying their minimum wage and overtime obligations and violated O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a.

96. In violating the Ohio Wage Act, Defendants' joint acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

97. Named Plaintiff and the Ohio Employees Entitled to Notice who join this lawsuit are entitled to unpaid minimum wages and two times those wages as additional statutory damages, interest, and attorneys' fees and expenses, and all other remedies available.

## COUNT III
## VIOLATION OF THE OHIO PROMPT PAY ACT

98. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

99. Named Plaintiff asserts this claim on behalf of herself and the Ohio Employees Entitled to Notice who join this lawsuit.

100. The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

101. At all times relevant to this Complaint, Defendants have refused to pay Named Plaintiff and the Ohio Employees Entitled to Notice who join this lawsuit all wages at the statutorily mandated minimum wage rate, within thirty (30) days beyond their regular scheduled payday.

102. Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendants have otherwise exhibited a reckless disregard of the OPPA's provisions.

103. Named Plaintiff and the Ohio Employees Entitled to Notice who join this lawsuit are entitled to an additional six percent (6%) of the unpaid minimum wages as additional liquidated damages, and all other remedies available.

## COUNT V
## CIVIL PENALITIES FOR CRIMINAL ACTS
## O.R.C. § 2307.60

104. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

105. Named Plaintiff asserts this claim on behalf of herself and the Ohio Employees Entitled to Notice who join this lawsuit.

106. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

107. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Named Plaintiff and the Employees Entitled to Notice who join this lawsuit have been injured as a result.

108. O.R.C. § 2307.60 permits anyone injured in one person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

109. As a result of Defendants' willful violations of the FLSA, Named Plaintiff and the Ohio Employees Entitled to Notice who join this lawsuit are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff, on behalf of herself and the Employees Entitled to Notice pray that this Court enter the following relief:

A. For an Order sending Court Supervised Notice to the Employees Entitled to Notice as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members.

B. For an Order requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all Employees Entitled to Notice.

C. In the event the Defendants seek to have discovery on the issues of whether the Employees Entitled to Notice are similarly situated to the Named Plaintiff, that the Court issue an order tolling the FLSA statute of limitations for the Employees Entitled to Notice as of the filing of this Complaint through the end of the notice discovery period.

D. Issuing proper notice to the Employees Entitled to Notice at Defendants' expense.

E. Unpaid minimum wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiff and the Employees Entitled to Notice that join the lawsuit.

F. An order equitably tolling the statute of limitations as if the Named Plaintiff and Employees Entitled to Notice.

G. Expectation and damages for all missed payments taken from or applied to the Plaintiff's and the Employees Entitled to Notice employees' pay;

H. An order awarding the Plaintiff and the Employees Entitled to Notice who join this case back pay equal to the amount of the Ohio Tip Credit for three (3) years preceding the filing of this Complaint to the present, plus an additional two times that amount in liquidated damages.

I. Designation of the Named Plaintiff as representative of the Employees Entitled to Noice who join this lawsuit and counsel of record as their counsel.

J. A declaratory judgment that the practices complained of herein are unlawful under the Ohio Wage Laws.

K. Awarding Named Plaintiff and the Employees Entitled to Noice who join this lawsuit the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

L. A finding that Defendants acted willfully and without a good faith basis for their violations of the FLSA and the Ohio Wage Laws.

M. A finding that Defendants have violated the FLSA and the Ohio Wage Laws, and that Defendants have been unjustly enriched with the repayment of tips illegally retained.

N. Compensatory and punitive damages under O.R.C. § 2307.60.

O. Awarding pre-judgment and post-judgment interest.

P. An award of prejudgment and post-judgment interest.

Q. An award of costs and expenses of this action, together with reasonable attorney' fess and expert fees; and,

R. Any other relief to which the Named Plaintiff and the Employees Entitled to Notice who join this lawsuit may be entitled.

Dated: January 17, 2025

Respectfully submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Anna R. Caplan (OH Bar No. 0104562)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com
acaplan@barkanmeizlish.com

*Attorneys for Plaintiffs*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.

                                                                      */s/ Robert E. DeRose*
                                                                      Robert E. DeRose
                                                                      *Attorney for Plaintiffs*